UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY BRIAN WILSON,

    Plaintiff,

v.                                          Case No. 3:21cv1065-MCR-HTC

ESCAMBIA COUNTY JAIL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Anthony Wilson, a pretrial detainee, initiated this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 based on various issues related to the conditions of confinement at the Escambia County Jail. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Because Plaintiff has failed to comply with orders of the Court, the undersigned recommends this case be DISMISSED without prejudice for failure to prosecute and failure to comply with an order of the Court.

On or about September 23, 2021, Plaintiff filed a *pro se* civil rights complaint, which was not on this Court's official forms and was not accompanied by a motion to proceed *in forma pauperis* or the $402.00 filing fee. ECF Doc. 1. Thus, on

October 1, 2021, the Court ordered Plaintiff to, within twenty-one (21) days, file an amended complaint on the proper forms and to file a complete motion to proceed *in forma pauperis* or pay the Court's filing fee. ECF Doc. 3. Plaintiff did not respond to the Court's order. Thus, on October 28, 2021, the Court gave Plaintiff fourteen (14) days to show cause why his case should not be dismissed for failure to prosecute or comply with Court orders. ECF Doc. 4. Plaintiff was advised that his failure to timely comply with the order may result in a recommendation that this case be dismissed for failure to prosecute and failure to comply with an order of the Court. *Id.*

The time for Plaintiff to respond to the Court's show cause order has passed without a response from Plaintiff. As stated above, Plaintiff has taken no other action in this case since filing a deficient complaint. This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Case No. 3:21cv1065-MCR-HTC

Also, under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1.    That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with a Court order.

2.    That the clerk be directed to close the file.

At Pensacola, Florida, this this 18th day of November, 2021.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.